21585. FITE *et al.* v. McINSTRY.

Decided November 10, 1931.

*J. M. Forrester, T. O. Marshall,* for plaintiff in error.
*H. O. Jones, J. A. Hixon,* contra.

Luke, J. Mrs. George P. McKinstry initiated a suit in the city court of Americus against Estelle S. Fite and J. B. Fite, to recover upon a promissory note, and to set up and establish a special first lien upon certain real estate under a security deed given to secure the payment of said note. In the petition, Estelle S. Fite and J. B. Fite are referred to as defendants, but there is no prayer for process against them, or either of them. Notwithstanding the omission of such prayer, the clerk issued and caused to be served the usual process upon both named defendants.

On return day Estelle S. Fite and J. B. Fite filed a special demurrer to the petition, wherein they refer to themselves as "defendants in the above named and stated case," and pray that the petition be dismissed and plaintiffs "not be allowed to proceed further," on the ground "that said petition does not contain a prayer for process, and that said suit is proceeding illegally, and, due to there not being a prayer for process, the clerk of said court issued process without authority; therefore said process is invalid

and of no effect." The court, after allowing an appropriate amendment to meet the grounds of the special demurrer, overruled the same, and the defendants excepted.

Counsel for plaintiffs in error, in their brief, concede that the amendment to the petition was properly allowed; although the single exception in the bill of exceptions is as follows: "The court overruled the demurrer and allowed the plaintiff to amend his original petition by adding a prayer for process; to this ruling the plaintiff in error now excepts, and at that time excepted, and he now assigns error upon the ground that said ruling was contrary to law." The contentions of counsel for plaintiffs in error, as set out in their brief, are, briefly: (a) after the amendment of the petition, another process was required to be issued and served with the petition as amended; (b) by their appearance by way of a special demurrer, defendants did not waive any of their rights or admit that the suit was proceeding legally. However, there is absolutely nothing in the bill of exceptions whereon to base these contentions; and, even apart from the bill of exceptions, it does not appear whether another summons was in fact issued and served on the defendants; and it does not appear whether there were any further proceedings, save those by way of this writ of error.

In these circumstances, it seems clearly to be the duty of this court to dismiss the writ of error, as the judgment excepted to is not a final judgment.

*Writ of error dismissed. Broyles, C. J., and Bloodworth, J., concur.*